United States District Court
Southern District of Texas
**ENTERED**
January 30, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH R VALENTINO, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-304 |
| | § | |
| UNITED STATES MARSHAL, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Before the Court is Joseph Valentino's Request for Release Upon Reasonable Conditions Pending Determination of Petition for a Writ of Habeas Corpus. Dkt. 2. Having carefully considered the motion, response, reply, the parties' oral argument on January 28 and 29, 2020, and the applicable law, the Court **DENIES** the motion.

## I. Procedural Background

This habeas case arises out of an extradition proceeding. Joseph Valentino was charged and convicted by the Kingdom of the Netherlands for participating in a criminal organization that intentionally filed false corporate tax returns. The Amsterdam district public prosecutor issued a summons for the criminal proceedings in the Netherlands on November 19, 2002. Trial was held *in absentia* and the judgment was rendered on February 24, 2004. After Valentino appealed his conviction and sentence to the Court of Appeals of Amsterdam, during which proceedings he was represented by counsel, the Court of Appeals rendered a new judgment finding Valentino guilty on two counts: Count One—"participation in an organization for the purpose of committing crimes"—and Count

Two—"co-perpetration of intentionally incorrectly filing a tax return provided by tax law." He was sentenced to thirty-four months in prison.

On February 2, 2018, the United States sought Valentino's extradition to the Kingdom of the Netherlands to execute a sentence on his conviction. Valentino was arrested around April 18, 2018. After holding a detention hearing, United States Magistrate Judge Stephen Wm. Smith ordered Valentino to be released on reasonable conditions pending his extradition hearing. *United States v. Valentino*, No. 18-mj-00146, 2018 WL 2187645, at *6 (S.D. Tex. May 11, 2018). Judge Smith found that Valentino did not pose a flight risk or a danger to the community and had a "reasonable likelihood" of prevailing on one or more issues at his extradition hearing. He found special circumstances supporting Valentino's release and ordered him released on bond pending the extradition hearing. He noted that "this is only a decision on whether to release Valentino *pending the extradition hearing*," which "placed [the court] in the difficult task of assessing Valentino's success on the merits" without "prejudging the claims or the evidence until both sides have had an opportunity to be fully heard. Further, the court may not have before it all of the evidence that will be presented in the extradition hearing." *Id.* at *5 (emphasis added).

Valentino then moved to dismiss the extradition complaint. Magistrate Judge Peter Bray held a formal extradition proceeding on December 4, 2019, and on January 23, 2020, issued a thorough, 37-page opinion denying Valentino's Motion to Dismiss the United States' Extradition Complaint. Judge Bray certified Valentino as extraditable.

The next day, Valentino filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. section 2241, which currently is pending before this Court. Dkt. 1. Valentino asserts that

the Court should grant the writ and hold that extradition must be denied because (1) all but two of the charges against Valentino were barred by the statute of limitations under United States law, (2) the fourteen-year delay between conviction and the extradition complaint violates Valentino's due process rights, and (3) the Netherlands failed to establish probable cause to believe that Valentino had the requisite knowledge to convict him of the charged offenses. These arguments were raised in the extradition proceedings and addressed in Judge Bray's opinion. Valentino asserts he has a high likelihood of success on these claims, and that he poses no flight risk or danger to the community. These factors, he argues, along with the Netherlands' fourteen-year delay between convicting him and seeking his extradition, establish "special circumstances" that warrant his release until determination of his habeas petition.

## II. Standard of Review

"Bail should be denied in extradition proceedings absent 'special circumstances.'" *In re Extradition of Russell*, 805 F.2d 1215, 1216 (5th Cir. 1986) (citing *Wright v. Henkel*, 190 U.S. 40, 62–63 (1903)). "Unlike the situation for domestic crimes, there is no presumption favoring bail. The reverse is rather the case." *Russell*, 805 F.2d at 1216 (citing *Beaulieu v. Hartigan*, 554 F.2d 1, 2 (1st Cir. 1977)). This heightened standard for extradition cases reflects the national interest in complying with treaty obligations. *See, e.g.*, *United States v. Taitz*, 130 F.R.D. 442, 444 (S.D. Cal. 1990) ("If the United States were to release a foreign fugitive pending extradition and the defendant absconded, the resulting diplomatic embarrassment would have an effect on foreign relations and the ability of the United States to obtain extradition of its fugitives.")

"Special circumstances include the raising of substantial claims upon which the appellant has a high probability of success, a serious deterioration of health while incarcerated, and unusual delay in the appeal process." *Salerno v. United States*, 878 F.2d 317, 317 (9th Cir. 1989). But no precise definition, exhaustive menu of situations, or checklist of factors controls the Court's determination whether "special circumstances" warrant release on bail. *See, e.g.*, *In re Extradition of Maniero*, 950 F. Supp. 290, 294 (S.D. Cal. 1996).

It is clear, however, that this standard of "special circumstances" for release on bail for persons involved in a foreign extradition proceeding "is a more demanding standard than that for ordinary accused criminals awaiting trial." *Yau–Leung v. Soscia*, 649 F.2d 914, 920 (2d Cir. 1981) (citations omitted), *cert. denied*, 454 U.S. 971 (1981). Special circumstances must be extraordinary and may not rely on factors that are applicable to all defendants facing extradition. *In re Extradition of Smyth*, 976 F.2d 1535, 1535–36 (9th Cir. 1992) (citations omitted). "Although most cases focus on a single special circumstance, courts are now recognizing that the cumulation of several factors may constitute special circumstances." *In re Extradition of Nacif–Borge*, 829 F. Supp. at 1216 (citing *Taitz*, 130 F.R.D. 442).

The determination of what factors to consider and how much weight to give them is within the "sound discretion" of the Court. *See, e.g.*, *Wroclawski v. United States*, 634 F. Supp. 2d 1003, 1006 (D. Ariz. 2009) (citing *Beaulieu v. Hartigan*, 554 F.2d 1 (1st Cir. 1977)).

## III. Petitioner's Argument

Valentino argues that he should be released on bail pending determination of his habeas petition because he poses no flight risk or danger to the community, and because special circumstances warrant pre-hearing release. Valentino asserts the following factors, in the aggregate, constitute "special circumstances" warranting his release on bail:

(1) He has raised substantial claims upon which he has a high probability of success.

(2) The Netherlands failed to file the extradition complaint in this Court for almost fourteen years after the trial court found Valentino guilty *in absentia*, and more than ten and a half years after the Amsterdam Court of Appeals pronounced his final sentence of 34 months imprisonment, which Valentino argues constitutes an "extraordinary and unexplained delay";

(3) He has demonstrated "overwhelmingly" that he poses no flight risk.

(4) He has no prior record and is not charged with a crime of violence, and there is no evidence that he is a danger to any community.

### A. Probability of Success on Habeas Claims

Valentino asserts that his habeas petition raises substantial claims that bear a high probability of success.

Habeas corpus review of a magistrate's certification order is "quite narrow." *Balzan v. United States*, 702 F.3d 220, 223 (5th Cir. 2012). The Court may inquire only (1) whether the magistrate had jurisdiction, (2) whether the offense charged is within the treaty, and (3) by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty. *Id.* The third inquiry focuses only on "whether there is any competent evidence tending to show probable cause." *Id.* The Court may not re-assess "[t]he weight and sufficiency of that evidence." *Id.*

Valentino's habeas petition asserts three bases for relief from the magistrate judge's order certifying extradition, and that his first and second claims must be reviewed by this Court *de novo*. *Santos v. Thomas*, 830 F.3d 987, 1001 (9th Cir. 2016) ("We review the extradition court's legal rulings *de novo*.").

Without deciding what standard the Court will apply to Valentino's habeas petition, the Court determines that, even if a *de novo* standard of review were applied, Valentino has not adequately shown a probability of success on his habeas claims. The Court now addresses each of Valentino's three habeas claims in turn.

***i. Statute of Limitations***

First, Valentino argues that most of the charges against him were barred by the applicable statute of limitations, and thus extradition must be denied under Article 6 of the Extradition Treaty Between the United States of America and the Kingdom of the Netherlands, June 24, 1980, 25 U.S.T. 1334 (with amendments) (filed as Dkt. 1-1) (the "Treaty"). This argument goes to "whether the offense charged is within the treaty." *See Balzan*, 702 F.3d at 223. Therefore, the Court considers the likelihood of success on these arguments under a *de novo* standard of review. *See Santos*, 830 F.3d at 1001 (reviewing legal rulings *de novo*).

Under the Treaty, extradition is prohibited "when the prosecution or enforcement of the penalty for the offense for which extradition has been sought has become barred by lapse of time according to the law of the Requested State." To determine "what United States statute of limitations is applicable, this Court looks to the substantive offense under United States law which is most closely analogous to the charged offenses, and applies the

statute of limitations applicable to that offense." *In re Extradition of Joseph Valentino*, No. H-18-146M (S.D. Tex. Jan. 23, 2020) (order denying motion to dismiss extradition complaint and certification of extraditability) ("Certification Order") at 24 (citing *Sainez v. Venables*, 588 F.3d 713, 715 (9th Cir. 2009)). Valentino challenges the magistrate judge's findings on what offense, under United States law, is "most closely analogous" to the offenses with which Valentino was charged in the Netherlands.

***a. Count One***

In Count One, the Netherlands charges Valentino with participation in a criminal organization, under Article 140 of the Netherlands Penal Code. The magistrate judge found that the analogous offense was conspiracy under 18 U.S.C. section 371. Certification Order at 26. Valentino argues that the magistrate judge's determination as to Count One was erroneous because the elements of an Article 140 offense under the Netherlands Penal Code "bear a striking resemblance to a substantive RICO offense under 18 U.S.C. § 1962(c)." Dkt. 1 at 11.

The magistrate judge compared the elements of conspiracy under Section 371 to the specific actions Valentino took, according to the Amsterdam Court of Appeals: he participated in an organization, which organization was for the purpose of committing crimes, including forgery of documents, filing incorrect corporate income tax returns, and bribing persons other than civil servants. Certification Order at 25. As Judge Bray noted, the focus of the inquiry into which offense under United States law is analogous to the charged offense "has always been on the conduct charged; the elements of the analogous offenses need not be identical." *Clarey v. Gregg*, 138 F.3d 764, 766 (9th Cir. 1998), *cert*

*denied*, 525 U.S. 853 (1998). Contrary to *Clarey*, however, the core of Valentino's argument compares the statutory language in certain provisions of the Netherlands Penal Code and United States law, rather than the conduct with which Valentino was charged. *See* Dkt. 1 at 14–19 (parsing the difference between the "participation" required for violations of Article 140 and the "agreement" required under Section 371).

On this record, Valentino has not shown a likelihood of success on the claims such that special circumstances warrant release.

***b. Count Two***

Count Two charges Valentino with "intentionally incorrectly fil[ing] a return provided by tax law . . . while each time the consequence of this could be that too little tax might be assessed" under Article 68 of the Netherlands State Taxes Act. The magistrate judge found that the analogous offense was tax evasion or attempted tax evasion under section 7201 of the Internal Revenue Code. Certification Order at 30. Valentino argues that the magistrate judge's determination as to Count Two was erroneous because Valentino "neither signed nor filed the returns in question," and therefore the closest analogous crime is "aid[ing]" or "assist[ing]" in the filing of a false tax return under 26 U.S.C. Section 7206(2).

The Court finds that Valentino has not established a sufficient likelihood of success on this claim, in part for the same reasons as described with respect to Count One. Valentino distinguishes between Section 7201 and 7206(c) by highlighting the fact that Section 7201 requires proof of "a substantial tax deficiency owed by the defendant to the Internal Revenue." His argument centers on a comparison of the criminal statutory

language, contrary to *Clarey*. He also argues that the limitation period for a Section 7206(c) offense begins to run at the time the return is filed, and therefore, only two of the counts of aiding or assisting in the filing of a false tax return would stand as convictions in the United States. The magistrate judge soundly reasoned that Valentino has not established, even if the more closely analogous offense is Section 7206(c), that his sentence would need to be recalculated on that basis.

Valentino may pursue this argument in these habeas proceedings, and the Court makes no determination as to the ultimate merit of the claim. At this stage of the proceedings, however, Valentino has not established a sufficient likelihood of success on the claim to constitute special circumstances.

**ii. Unjustified and Inexcusable Delay**

Valentino argues that the delay between his conviction on February 24, 2004, and the filing of the extradition complaint in this Court on February 2, 2018, violates his Fifth Amendment right to due process. Valentino does not clearly address how this claim fits within one of the three habeas inquiries applicable in extradition cases. *See Balzan*, 702 F.3d at 223.

Even assuming this claim fits within one of the three habeas inquiries, the Court finds Valentino has not established a likelihood of success on this claim. As Valentino acknowledges, the magistrate judge's order cites persuasive authority from United States Courts of Appeals rejecting this argument in similar contexts. *See, e.g.*, *In re Extradition of Drayer*, 190 F.3d 410, 415 (6th Cir. 1999) (finding "no viable authority for the proposition that [petitioner's] due process rights were infringed by Canada's [fourteen-

year] delay in seeking his extradition). As contrary authority, Valentino marshals precedent outside the international extradition context. *See, e.g.*, *Piper v. Estelle*, 485 F.2d 245, 246 (5th Cir. 1973) (per curiam). Regardless of the claim's ultimate merit, on which the Court does not comment now, the precedent Valentino cites from non-extradition contexts is not enough to establish a strong likelihood of success.

**iii. Probable Cause**

Valentino argues that the Netherlands has failed to establish probable cause to believe that Valentino committed the charged offenses. Specifically, Valentino argues that the magistrate judge and this Court cannot rely on the facts set forth in the judgment of the Court of Appeals of Amsterdam because he was tried *in absentia*. This Court's review of the finding on guilt is limited to "whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty." *Balzan*, 702 F.3d at 223. This inquiry focuses only on "whether there is any competent evidence tending to show probable cause." *Id.* At this stage, however, the Court considers the likelihood of Valentino succeeding in arguing that, as a matter of law, the magistrate judge erred by relying on the Court of Appeals' judgment.

Persuasive authority on this question diminishes the likelihood of success on this claim. *See, e.g.*, *Haxhiaj v. Hackman*, 528 F.3d 282 (4th Cir. 2008) (rejecting argument similar to Valentino's). Moreover, as the magistrate judge noted, the judgment of the Court of Appeals of Amsterdam excerpts and discusses much of the documentary and testimonial evidence presented in court and contains detailed fact findings and legal conclusions. Valentino has not pointed to specific problems with those findings and conclusions, or

explained what evidence would alter the outcome of the magistrate judge's analysis. Without reaching the claim's ultimate merit on habeas review, the Court determines at this stage that Valentino has not met the heightened standard to show a "special circumstance" under the authorities governing bail for extradition proceedings.

**B. Extraordinary and Unexplained Delay**

Having found that Valentino has not established sufficient likelihood of success on the merits of his habeas challenge to the magistrate judge's certification order, the Court turns to Valentino's assertion that "the extraordinary and unexplained delay in seeking Valentino's extradition supports bail." Dkt. 6 at 7.

In support of this assertion, Valentino cites several cases in which the requesting country delayed bringing extradition proceedings for between three and twenty years, and the court found that special circumstances warranted release on bail. These cases are distinguishable. In some of the cases Valentino cites, in addition to serious delay, other factors were present that cumulatively favored finding special circumstances. *Cf. In re Extradition of Vladimir Blasko to the Slovak Republic*, No. 117-mc-00067, 2018 WL 3691859, at *10 (E.D. Cal. Aug. 1, 2018) (finding special circumstances warranted release because, in addition to ten-year delay, extraditee's "preparation for and participation in" asylum merits hearing was "immediately necessary"); *In re Extradition of Mirela,* No. 15-mj-157, 2018 WL 1634393, at *2 (D. Conn. Apr. 5, 2018) (finding special circumstances warranted release because of delay "of more than one or two decades" and because extraditee played "indispensable" role as single parent to son with "additional needs" and as "primary caregiver" to elderly parents); *Wroclawski v. United States,* 634 F. Supp. 2d

1003, 1007 (D. Ariz. 2009) (ordering release on bail for special circumstances based on eleven-year delay in seeking extradition and petitioner's "expertise" and "training of military and law-enforcement personnel").

Valentino cites other cases considering whether to release an extraditee pending an extradition hearing—not, as here, pending a determination on the petitioner's habeas challenge. *Cf. United States v. Castaneda-Castillo*, 739 F. Supp. 2d 49, 50 (D. Mass. 2010) (ordering release on bail pending extradition hearing where extraditee experienced five-year delay, extraditee's asylum petition was pending, and extraditee "raised serious issues" with extradition related to the political nature of his prosecution in Peru); *In re Extradition of Chapman*, 459 F. Supp. 2d 1024, 1027 (D. Haw. 2006) (finding special circumstances warranted release pending extradition hearing where Mexico waited three years before bringing extradition proceedings and respondents' "livelihoods and public images" as featured cast on a popular bounty hunting television program "rest[ed] on their commitment to upholding the law").

The delay between Valentino's conviction and extradition concerns the Court. But, either considered alone or in the aggregate with the other bases on which Valentino asserts special circumstances, the Court finds that the delay does not satisfy the demanding standard for "special circumstances" within the meaning of *Wright v. Henkel* 190 U.S. 40, 62–63 (1903), and its progeny. *See, e.g.*, *In re Extradition of Drumm*, 150 F. Supp. 3d 92, 98 (D. Mass. 2015) (finding no special circumstances where petitioner's extradition was sought seven years after the charged activity and petitioner was sole breadwinner for the family and was not a flight risk or danger to the community).

### C. Flight Risk and Danger to the Community

Valentino argues that he poses no flight risk or danger to the community. To support this finding, Valentino points to the transcript of the detention hearing before Magistrate Judge Smith and Judge Smith's order releasing Valentino pending the extradition hearing. The record before Judge Smith disclosed that Valentino was 71 years old, had significant ties to the community, and continued to have an active legal practice. He did not have a passport and had not traveled out of the United States since 2004, or earlier.[1] Valentino also argues that he complied with all conditions of release over a 20-month period and promptly surrendered himself to the custody of the United States Marshals when ordered to do so by Magistrate Judge Bray.

Valentino argues that since he has "demonstrated overwhelmingly" that he poses no flight risk or danger to the community, those factors are additional bases for finding that special circumstances exist. The Government argues that Valentino is, as a fugitive, a flight risk by definition.

Even if Valentino has established that he poses no flight risk or danger to the community, he nevertheless must additionally establish that special circumstances warrant his release pending the habeas determination. *See, e.g.*, *Matter of Extradition of Blasko*, No. 117-mc-00067, 2019 WL 498986, at *5 (E.D. Cal. Feb. 8, 2019) (collecting authorities); *see also Arias Leiva v. Wilson*, No. 17-23938, 2018 WL 9662548, at *3 (S.D.

---

[1] Valentino asserted in oral argument that he was not "running from justice," but was instead *not* running "toward injustice." At the detention hearing on April 20, 2018, the Government argued that Valentino chose not to leave the country or maintain his passport to evade detection by the Dutch authorities. *See* Transcript of Detention Hearing at 47:20–22, *In re Extradition of Valentino*, No. 4:18-mj-0146 (S.D. Tex. April 20, 2018), Dkt. 21 (Q: "[Y]our decision then was to remain in the United States to avoid the risk of being imprisoned in the Netherlands." A: "Yes.")

Fla. Aug. 27, 2018) ("[A]lthough there is some conflict among the courts, the majority of cases that have addressed the issue have determined that the court should undertake the risk of flight analysis separate from the 'special circumstances' inquiry.").

To the extent Judge Smith may have considered Valentino's lack of flight risk or danger to be "special circumstances," Judge Smith considered those circumstances at a different procedural posture, which significantly affected his calculation. Specifically, one of the set of circumstances Judge Smith considered was that Valentino had "a reasonable likelihood of prevailing" at the extradition hearing—but that was before "both sides [had] an opportunity to be fully heard" and before the court had all the evidence that would be presented at the extradition hearing. *Valentino*, 2018 WL 2187645, at *6. Both sides now have had an opportunity to be fully heard and Magistrate Judge Bray considered all the parties' evidence and arguments before issuing the Certification Order on January 23.

The Court finds that Valentino has not established that his lack of flight risk or danger to the community are so exceptional that they constitute special circumstances, either independently or in the aggregate with any other factors discussed here. *See, e.g.*, *In re Extradition of Azizi*, No. 14-XR-90282, 2014 WL 1995083, at *3 (N.D. Cal. May 13, 2014) (finding no special circumstances where petitioner argued he has been living openly in the United States with strongly family, community, and professional ties and no criminal record). This Court need not necessarily disturb Judge Smith's findings on flight risk and danger to the community to find that current circumstances, post-certification, do not rise to the level of "special circumstances" warranting release.

**IV. Conclusion**

For these reasons, the Court **DENIES** Valentino's Request for Release Upon Reasonable Conditions Pending Determination of Petition for A Writ of Habeas Corpus. Dkt. 2.

Signed at Houston, TX this 30th day of January, 2020.

George C. Hanks, Jr.
United States District Judge