United States District Court
Southern District of Texas
**ENTERED**
April 15, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH R. VALENTINO, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-304 |
| | § | |
| UNITED STATES MARSHAL, | § | |
| | § | |
| Respondent. | § | |

## ORDER DENYING RENEWED MOTION FOR RELEASE

Petitioner Valentino is in the custody of the Bureau of Prisons ("BOP") and detained at FDC Houston. He has been certified as extraditable based on a conviction in the Kingdom of the Netherlands. His habeas petition under 28 U.S.C. § 2241 is currently pending before the Court. On January 30, 2020, the Court denied Valentino's request for release pending determination of the habeas petition (Dkt. 9).

Valentino has filed an emergency renewed motion for release (Dkt. 17) in light of the COVID-19 pandemic. The Government filed an expedited response (Dkt. 22) and adamantly opposes the motion. Valentino then filed a reply (Dkt. 23), and both parties filed supplements (Dkt. 24, Dkt. 25, Dkt. 26, Dkt. 27). The parties also filed a joint status report (Dkt. 29), as instructed by the Court, to address the special conditions that would be available in the event the Court granted Valentino's motion. After filing the status report, the parties submitted additional supplements (Dkt. 30, Dkt. 31, Dkt. 32).

Valentino's renewed motion for release relies on two circumstances that have changed since the Court's previous denial. First, Valentino argues that release is

appropriate based on the current COVID-19 pandemic, in light of his age (73) and hypertension (Dkt. 17; Dkt. 23, at 6).  Second, he relies on an email from the Dutch prosecutor on Valentino's underlying criminal case in the Netherlands, who states that he does not oppose house arrest for Valentino given the pandemic (Dkt. 25-1, at 1).

As set forth in the Court's prior opinion denying release, bail is not available in extradition cases absent "special circumstances."  *In re Extradition of Russell*, 805 F.2d 1215, 1216 (5th Cir. 1986) (citing *Wright v. Henkel*, 190 U.S. 40, 62-63 (1903)).  In the extradition context, the United States has a "foreign relations interest" in "successfully returning persons subject to criminal prosecution to the requesting country."  *In re Extradition of Gonzalez*, 52 F. Supp. 2d 725, 735 (W.D. La. 1999) (internal quotation marks omitted) (citing, *inter alia*, *Russell*, 805 F.2d at 1216)).  The Court's previous decision denying Valentino's request for release determined that Valentino had "not established that his lack of flight risk or danger to the community [were] so exceptional that they constitute[d] special circumstances, either independently or in the aggregate with any other factors" (Dkt. 9, at 14).

Valentino's renewed motion first argues that the global COVID-19 pandemic is a new "special circumstance" sufficient to warrant bail in the extradition context.  He cites to infection rates for federal inmates, which have risen rapidly, and argues that, because many inmates are untested, the actual number of infections is unknown.[1]  As multiple

---

[1]     *See* Dkt. 23, at 1-2 (number of infected federal inmates increased from 3 on March 24, 2020, to 57 on April 1, 2020); Dkt. 25, at 2 (number of infected federal inmates increased to 75 on April 2, 2020).

recent judicial opinions have noted, the risk of coronavirus transmission is especially high in detention facilities.[2]   Respondent has submitted the BOP's COVID-19 plan, which recently entered Phase V (Dkt. 22-3), and argues that the BOP is moving aggressively to contain the outbreak and prevent its spread.   Valentino cites to one case in the extradition context in which the court for the Northern District of California granted conditioned release to a 74-year-old extraditee, finding that the person was "vulnerable" to the coronavirus and that the risk posed a "special circumstance" under the facts of the case.  *See In re Toledo Manrique*, 2020 WL 1307109 (N.D. Calif. Mar. 19, 2020) (considering motion from extraditee who had not yet stood trial in Peru).

The parties agree, and the Court's recent inquiries to FDC Houston confirm, that there currently are no inmates at FDC Houston who have tested positive for coronavirus. *See* Dkt. 22, Dkt. 30.  Additionally, Valentino does not identify any actual deterioration in his health or any serious medical need that cannot be met at his facility during the pandemic.  His general arguments based on the pandemic, without any specific identified risks to him, do not suffice as a "special circumstance" under the authorities cited above. Put simply, there is no evidence of immediate danger to Valentino at FDC Houston.  If his age and hypertension were sufficient to warrant a special circumstance, without any

---

[2]     *See, e.g.*, *United States v. Rodriguez*, 2020 WL 1627331 (E. D. Penn. Apr. 1, 2020) (granting compassionate release under 18 U.S.C. § 3582(c) to an inmate with underlying health conditions based on COVID-19 pandemic and noting recently confirmed infections at the inmate's facility); *United States v. Underwood*, 2020 WL 1529160, at *2-*3 (D. Md. Mar. 31, 2020) (acknowledging "significant potential" for the coronavirus to enter the defendant's detention facility but holding that court lacked authority to grant a furlough under 18 U.S.C. § 3622); *United States v. Kennedy*, 2020 WL 1493481 (E.D. Mich. Mar. 27, 2020) (granting temporary release to a pretrial detainee under 18 U.S.C. § 3142 based on the increased risk of infection in detention facilities and the defendant's need to prepare his pre-sentencing defense).

specific identified risk, then such circumstances would be generally available to all senior inmates, and would not require an "extraordinary" showing. *Cf. In re Extradition of Smyth*, 976 F.2d 1535, 1535-36 (9th Cir. 1992) (special circumstances must be extraordinary and may not rely on factors applicable to all defendants facing extradition).

Second, Valentino urges that "special circumstances" now exist in his case because the public prosecutor from the Netherlands stated, in an email dated April 3, 2020, that '[u]nder the current special circumstances (the Covid-19 crises) I have no objection to [M]r. Valentino being placed under house arrest pending his opposition to the extradition decision" (Dkt. 25-1, at 1). The prosecutor's non-opposition, however, is not dispositive of the issues before the Court. First, Respondent submits, and Valentino does not contest, that the Ministry of Justice and Security for the Netherlands, and not a public prosecutor, is the competent authority under the extradition treaty between the United States and the Netherlands (Dkt. 26, Dkt. 27). Second, although the public prosecutor expressed non-opposition to house arrest under the circumstances, neither he nor the Ministry has expressed support for Valentino's release, and neither indicates any intention to drop the underlying proceedings. Finally, both the public prosecutor and the Ministry acknowledge that U.S. law controls this Court's determination. *See* Dkt. 25-1, at 1 ("This decision is of course up to the American judge"); Dkt. 27, at 1 ("I also would like to emphasize that this matter concerning the request for house arrest of Mr. VALENTINO is of US legal procedure and of US law"). This Court has a duty to apply the "special circumstances" test and, given all the circumstances of this case, the email from the Dutch public prosecutor is inadequate to satisfy the test's demanding standards.

In sum, neither of the two changed conditions cited by Valentino suffice to establish a "special circumstance" given the facts of this case.  Moreover, nothing cited in Valentino's renewed motion alters the Court's prior determination regarding his flight risk.  Valentino is a fugitive with a history of avoiding imprisonment in the Netherlands, s*ee* Dkt. 9, at 13 n.1, and has been certified as extraditable based on his conviction there. He presents no evidence that the current pandemic decreases his flight risk, but rather relies on his arguments previously made and found insufficient by the Court.  *See*, *e.g.*, Dkt. 23, at 4.  The Court is unpersuaded by Valentino's argument that the risk that he will be exposed to the virus during international travel, *see id.*, is sufficient to eliminate the flight risk.  *See United States v. Zhou*, 2020 WL 1643634 (S.D. Ohio Apr. 2, 2020) (noting serious flight risk of pretrial detainees charged with wire fraud and trade secret violations, and holding that the general and speculative risk from COVID-19 was insufficient to justify release under the circumstances).

The Court in its discretion again determines that Valentino has not established that "special circumstances" exist to warrant bail under the authorities applicable to extraditees.   The Court therefore **DENIES** Valentino's emergency renewed motion for release (Dkt. 17).

The Clerk will provide copies of this order to the parties.

SIGNED this day 15th day of April, 2020.

George C. Hanks Jr.
United States District Judge