United States District Court
Southern District of Texas

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ENTERED**

December 22, 2020

David J. Bradley, Clerk

| | | |
|---|---|---|
| JOSEPH R. VALENTINO, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-304 |
| | § | |
| UNITED STATES MARSHAL, | § | |
| | § | |
| Respondent. | § | |

## AMENDED ORDER OF DISMISSAL

On January 23, 2020, Petitioner Joseph R. Valentino was certified as extraditable based on a conviction in the Kingdom of the Netherlands. *See In the Matter of the Extradition of Valentino*, No. 4:18-MJ-00146-1 (S.D. Tex.) (Bray, M.J.). The next day, Valentino filed this habeas action under 28 U.S.C. § 2241 (Dkt. 1) and a motion for release (Dkt. 2).

Valentino's habeas petition urged the Court to deny the Netherlands' extradition request. His petition relied on arguments that Valentino had raised in the extradition proceedings that had just concluded. The parties fully briefed Valentino's motion for release, in which he sought his release on bail pending determination of his habeas petition, and the Court held oral argument. On January 30, 2020, after careful consideration of the parties' arguments and a close review of Judge Bray's thorough, 37-page opinion, this Court issued a 15-page order denying release (Dkt. 9). The Court determined that, even if a *de novo* standard of review were applied, Valentino had not demonstrated "special circumstances" sufficient to warrant his release on bail in the extradition context and had not shown a probability of success on his habeas claims. The Court also ordered the Respondent to answer Valentino's petition (Dkt. 10).

In March, Valentino filed a renewed motion for release (Dkt. 17) citing emergency circumstances. The Court ordered an expedited response, and the parties submitted extensive briefing. *See* Dkt. 21; Dkt. 22; Dkt. 23; Dkt. 24; Dkt. 25; Dkt. 26; Dkt. 29; Dkt. 30; Dkt. 31; Dkt. 32; Dkt. 33. After careful review of the parties' filings, the Court denied the motion, based again on its determination that Valentino had not sufficiently demonstrated "special circumstances" warranting his release (Dkt. 34).

On March 31, 2020, the Government timely filed its motion for summary judgment (Dkt. 20), urging the Court to reject Valentino's habeas claims for the same reasons cited by Judge Bray in the extradition proceeding. Valentino never filed a response. Under Local Rule 7.4 for the Southern District of Texas, Valentino's failure to respond is taken as a representation of no opposition to the motion.

In June, Valentino filed an addition motion for release on bail (Dkt. 36). The Court again denied the motion (Dkt. 37).

On November 24, 2020, Valentino filed a motion for voluntary dismissal (Dkt. 39), stating that he now preferred to serve his sentence in the Netherlands rather than await this Court's disposition of his habeas petition. Federal Rule of Civil Procedure 41(a) allows for voluntary dismissal of a civil action at the petitioner's request. The Court **ORDERS** that Valentino's motion to dismiss (Dkt. 39) is **GRANTED.**

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, this 22nd day of December, 2020.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE